IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 10-cv-00046-WDM-BNB

AB INVESTMENTS, LLC,

      Plaintiff,

v.

ALLEN W. GELBARD,

      Defendant.

---

## ORDER ON PENDING MOTIONS

Miller, J.

    This case is before me on Plaintiff's Motion for Summary Judgment on its First Claim for Relief for Breach of Contract, filed December 10, 2010 (ECF No. 50), Plaintiff's Request for Judicial Notice in Support of Motion for Summary Judgment, filed December 10, 2010 (ECF No. 52), and Plaintiff's Motion to Dismiss without Prejudice the Second and Third Causes of Action Asserted in Plaintiff's Complaint, filed May 13, 2011 (ECF No. 75). I have reviewed the parties' filings with regard to each of these motions, and I conclude that oral argument is not required.

<u>Background</u>

    In 1998 Defendant Allen W. Gelbard (Gelbard) and Robert Beaton (Beaton) formed AB Investments (ABI) to provide professional consulting services and to invest on its own account. Each contributed stock, warrants, and other assets to fund ABI. Their contributions made them equal interest-members in ABI. Both Gelbard and Beaton were named managers of the limited liability company. Gelbard's duties were to bring in

business for the company, which he did primarily in California.  Beaton managed the day-to-day business of ABI and was responsible for the books, records, banking, brokerage, accounting and tax preparation, which he did primarily in Colorado.

In January 1999, ABI sold shares that it held in USA Talks.com, Inc. (USAT) for approximately $15 million and divided the proceeds equally between the two members. Gelbard and his wife spent his share of the money freely; his purchases included a ranch in California.  As a result, according to ABI, Gelbard had no money left and was forced to borrow funds from ABI.

Eventually, Beaton and Gelbard approached Rodney Unger (Unger) to participate with ABI in two entertainment projects and to rehabilitate the Ranch.  He agreed.  Unger became a one-third member and manager with Beaton and Gelbard in January 2004.

At this point, the parties' stories diverge.  Gelbard claims that Beaton entered a secret agreement with Unger to borrow up to $1 million to pay the mortgage on the Ranch and to fund personal and business expenses incurred by Beaton and Gelbard through ABI. Gelbard claims that Beaton illegally transferred title to the Ranch to Unger as a gift, without informing Gelbard.  He claims that Beaton and Unger falsified the ABI books to show that the company was losing money and took the money for their own use.  He further claims that Beaton and Unger fraudulently forced him to file bankruptcy in October 2005 by claiming that Gelbard had a $2.6 million debt to ABI.

On January 8, 2010, Gelbard's bankruptcy case was dismissed on his motion.  The day that the case was dismissed, ABI filed its complaint in this court, bringing claims for breach of contract, breach of fiduciary duty, and conversion.  Gelbard later brought claims of fraud in a California court against ABI, Beaton, and Unger; this lawsuit was dismissed

as barred by the statute of limitations.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A

factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A moving

party's burden is met if the moving party demonstrates that there is "an absence of

evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317,

325 (1986).

## Discussion

My review of the record in this case, including the complaint and answer, the motion

for summary judgment, and the request for judicial notice convince me that summary

judgment is not appropriate in this case.  In the first instance, the motion for summary

judgment is unsupported by factual evidence.  Instead of attaching exhibits to the summary

judgment motion, ABI chose to file a separate motion, the Request for Judicial Notice,

asking that I take notice of certain documents pursuant to Fed. R. Evid. 201.  This request

is accompanied by fifteen exhibits, but the motion asks that I take judicial notice of only nine

of them.  I assume the other exhibits, referenced in the summary judgment motion, are

merely summary judgment evidence, but this is not clear from ABI's filings.

More importantly, summary judgment is not merited given the many and substantial

factual disputes between the parties.  ABI requests summary judgment on its claim that

Gelbard owes it approximately $2.7 million from loans extended to Gelbard from 2001 to

2004.  There is no outright evidence of those loans in the form of promissory notes or

3

written contracts.  And, although Gelbard has admitted to owing substantial sums to ABI in several judicial filings, he has later claimed that he was fraudulently induced to make those admissions.  He also claims amounts owing from ABI that would set off the  alleged debts.

Nor is ABI's motion saved by its arguments that Gelbard is judicially estopped from denying that he owes the claimed debts and that his affirmative defense of fraud is barred by the doctrine of claim preclusion.

> In deciding whether to apply judicial estoppel, courts look to such factors as whether "1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped."

*Mathews v. Denver Newspaper Agency LLP*, ___ F.3d ___, 2001 WL 1901341 (10th Cir. May 17, 2011) (quoting *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (further quotations omitted)).  Here, it is clear that the first two positions are met.  Gelbard admitted in his California bankruptcy action and in divorce proceedings in California state court that he owed a substantial debt to ABI.  I conclude, however, that the third element is not satisfied here.  No court has ruled on the merits of Gelbard's claims that he was the victim of fraud at the hands of ABI and its principals, Beaton and Unger.  Accordingly, I conclude that Gelbard should be allowed to raise that fraud as a defense to ABI's contract claim based on the alleged debt and that he would not derive an unfair advantage if not estopped.

ABI's argument of claim preclusion fails on similar grounds.  ABI asserts that Gelbard should be precluded from raising fraud as an affirmative defense in this case

4

because his claims of fraud were raised in litigation in California that was subject to a final judgment dismissing those claims.  The first element of claim preclusion is that the prior case be the subject of a final decision on the merits.  *Pelt v. Utah*, 539 F.3d 1271, 1279 (10th Cir. 2008).  Here, the judgment dismissing Gelbard's claims of fraud clearly states that the dismissal is based on the statute of limitations.  Request for Judicial Notice, Exhibit 15 (ECF No. 52-17)  Hence, there is no final judgment on the merits, and Gelbard is not precluded from asserting fraud as an affirmative defense here.

I agree with ABI that its claim is not barred by the statute of limitations, because the claim was tolled by Gelbard's bankruptcy case.

I will grant the motion to dismiss the second and third claims without prejudice.

Accordingly, it is ORDERED:

1.     Plaintiff's Motion for Summary Judgment on its First Claim for Relief for Breach of Contract, filed December 10, 2010 (ECF No. 50), is denied.

2.     Plaintiff's Request for Judicial Notice in Support of Motion for Summary Judgment, filed December 10, 2010 (ECF No. 52), is denied without prejudice.

3.     Plaintiff's Motion to Dismiss without Prejudice the Second and Third Causes of Action Asserted in Plaintiff's Complaint, filed May 13, 2011 (ECF No. 75), is granted.

DATED at Denver, Colorado, on July 21, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge