**INSTRUCTION NO. _____**

Plaintiff AB Investments, LLC has brought breach of contract claim against Defendant Allen Gelbard.  Under Colorado law, AB Investments, LLC must prove the following elements by a preponderance of the evidence, to state a claim for breach of contract:

(1) the existence of a contract;

(2) performance by AB Investments, LLC, or some justification for nonperformance;

(3) Defendant Allen Gelbard's failure to perform; and

(4) resulting damages to AB Investments, LLC.


*W. Distribution Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992); *EchoStar Satellite, L.L.C. v. Splash Media Partners, L.P.*, 2010 U.S. Dist. LEXIS 103821 (D. Colo. 2010).

# INSTRUCTION NO. \_\_\_\_\_

Defendant Allen Gelbard has asserted a defense based on the statute of limitations. By this defense, Defendant Allen Gelbard is asserting that Plaintiff AB Investments, LLC waited too long to file its action for breach of contract against Defendant Allen Gelbard.

Under Colorado law, Plaintiff AB Investments, LLC had three years from the date the breach of contract claimed accrues, in which to file its lawsuit against Defendant Allen Gelbard. A breach of contract claim accrues on "the date the breach is discovered or should have been discovered by the exercise of reasonable diligence."

Under Colorado law, Defendant Allen Gelbard must prove by a preponderance of the evidence, that the claim for breach of contract by AB Investments, LLC's against Defendant Allen Gelbard accrued, prior to January 8, 2007, which is three years prior to the date that AB Investments, LLC filed this claim against Defendant Allen Gelbard.

Colorado Revised Statutes 13-80-101 and 13-80-108(6).

**INSTRUCTION NO. _____**

Defendant Allen Gelbard asserts that any claim asserted against him by Plaintiff AB Investments, LLC, is barred in its entirety by the "unclean hands" doctrine. The unclean hands doctrine is one of public policy, devised to protect the integrity of the court. This doctrine provides that the court's equitable powers cannot be invoked by a party who has acted fraudulently, or who by deceit or any unfair means has gained an advantage. In other words, the unclean hands doctrine prohibits a wrongdoer from enjoying the fruits of his transgression that in some measure affect the equitable relations between the parties regarding a claim before the Court.

To support a defense of unclean hands, Defendant Allen Gelbard must prove that Plaintiff AB Investments, LLC is (1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that has injured Defendant Allen Gelbard, and (5) affects the balance of equities between Plaintiff AB Investments, LLC and Defendant Allen Gelbard.

*Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 U.S. Dist. LEXIS 91414, 9-10 (D. Colo. Aug. 11, 2010); *Salzman v. Bachrach*, 996 P.2d 1263, 1269 (Colo. 2000); *Keystone Driller Co. v. General Excavator Co.*, 290 US. 240, 245 (1933); *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267, 276 (Colo. App. 2000); *New Valley Corp. v. Corporate Property Associates 2 and 3*, 181 F.3d 517, 523 (3rd Cir. 1999). *Sheehy v. New Century Mortgage Corp.*, 690 F. Supp. 2d 51, 69 (E.D.N.Y. 2010)